■ ROBERT VINCI, Appellant, v WESTCHESTER COUNTY HEALTH CARE CORPORATION, Respondent. [866 NYS2d 230]—

In an action, inter alia, to recover damages for breach of an

insurance contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated July 27, 2007, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7).

Ordered that the order is affirmed, with costs.

The plaintiff underwent an abdominoplasty on September 7, 2004 and the defendant insurer denied coverage for the procedure. More than two years later, on April 24, 2007, the plaintiff commenced this action seeking to recover damages for breach of the subject medical insurance contract. Since the insurance contract required such an action to be instituted within two years after the date the disputed medical service was performed, the Supreme Court properly dismissed the complaint as time-barred. Parties to a contract may agree to limit the period of time within which an action must be commenced to a shorter period than that provided by the applicable statute of limitations (see CPLR 201; *Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820 [1985]; *Minichello v Northern Assur. Co. of Am.*, 304 AD2d 731 [2003]; *Schunk v New York Cent. Mut. Fire Ins. Co.*, 237 AD2d 913, 914 [1997]; *Saxena v New York Prop. Ins. Underwriting Assn.*, 232 AD2d 622, 623 [1996]).

Further, contrary to the plaintiff's contentions, there is no evidence in the record of any conduct on the part of the defendant insurer that induced the plaintiff into delaying commencement of the action (see *Spirig v Evans*, 26 AD3d 425, 426 [2006]). Mastro, J.P., Lifson, Carni and Eng, JJ., concur.